**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO**. **26-21516-CIV-CANNON**

**MIGUEL ANTONIO NUNEZ**,

       Petitioner,

v.

**WARDEN, KROME NORTH SERVICE**
**PROCESSING CENTER**, *et al.*,

       Respondents.

                                   /

## ORDER DENYING PETITIONER'S IFP MOTION AND DISMISSING PETITIONER'S AMENDED PETITION

**THIS CAUSE** comes before the Court upon *pro se* Petitioner's Amended Petition for Writ of Habeas Corpus (the "Amended Petition") [ECF No. 9] and corresponding Motion for Leave to Proceed *in forma pauperis* (the "IFP Motion") [ECF No. 10].  However, upon review of the filings and the full record, the IFP Motion is untimely and deficient, and the case has already been closed. Therefore, Petitioner's IFP Motion [ECF No. 10] is **DENIED**, and Petitioner's Amended Petition [ECF No. 9] is **DISMISSED WITHOUT PREJUDICE**.

***

On April 3, 2026, after Plaintiff failed to pay the filing fee or file a compliant motion to proceed *in forma pauperis* despite an extension of time and fair warning, the Court entered an Order dismissing this case without prejudice for failure to comply with Court orders [ECF No. 8]. This remains closed, with no live dispute remaining in this proceeding.  *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1220 (11th Cir. 2016) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (internal quotation marks

omitted).[1]

Setting aside what appears to be the absence of a live controversy, the IFP Motion dated April 6, 2026, is both untimely and noncompliant with the Court's prior Order.  It is dated nearly two weeks after the Court's deadline [ECF No. 10 p. 2].  *See also Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing," and "absent evidence to the contrary," courts "assume that a prisoner delivered a filing to prison authorities on the date that he signed it" (citation omitted)).  And it still fails to come accompanied by a six-month account statement, as required by the Court's prior Order [ECF No. 4 p. 2; ECF No. 10].

As a result, the IFP Motion is untimely and fails to comply with the Court's prior Order. This justifies dismissal of this matter "without prejudice and without further notice," consistent with this Court's warning [ECF No. 4 p. 2].  *See also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing a court's inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

\*\*\*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Motion for Leave to Proceed *in forma pauperis* [ECF No. 10] is **DENIED**.

2.  Petitioner's Amended Petition [ECF No. 9] is **DISMISSED WITHOUT PREJUDICE**.

3.  This case remains **CLOSED**.

4.  The Clerk is directed to **MAIL A COPY** of this Order to Petitioner at the address listed

---

[1] Petitioner does not seek reconsideration of any order.

2

CASE NO. 26-21516-CIV-CANNON

below and file a Notice of Compliance.

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of April 2026.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:   **counsel of record**

**Miguel Antonio Nunez,** *pro se*
A# 090-680-340
Krome North Service Processing Center
Inmate Mail/Parcels
18201 S.W. 12th Street
Miami, Florida 33194

3